IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLE L. TAYLOR, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 12-1900 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| RONDA WINNECOUR, | ) | |
| | ) | |
| Appellee. | ) | |

--------------------------------------------------------

| | | |
|---|---|---|
| CAROLE L. TAYLOR, | ) | |
| | ) | |
| Appellant, | ) | Civil Action No. 13-12 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| RONDA WINNECOUR, | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER

Appellee's Motion to Dismiss (Doc. 2) will be granted.

For essentially the same reasons as stated in Civil Action Nos. 12-1739 and 12-1846, this appeal is untimely. In her Notice, Appellant purports to challenge a decision of the Bankruptcy Court dated October 24, 2012. Doc. 1 at ¶ 1.[1] The Notice was filed on November 21, 2012, twenty-eight (28) days after the purportedly challenged ruling. As twice previously explained by this Court, Bankruptcy Rule 8002 required Appellant to file her Notice within 14 days of the decision from which she appealed. *See* Doc. 10 in Civil Action No.

---

[1] In reality, the decisions challenged by Appellant date back ten months prior to the instant appeal. *See* Appellee's Mot. to Dismiss (Doc. 2) at ¶ 7. Even accepting Appellant's contrary assertions, her Notice of Appeal is untimely on its face. *See* discuss in text, *infra*.

12-1739 at pgs. 1-2 (Fischer, J.) (dismissing appeal as untimely under Rule 8002); Doc. 11 in Civil Action No. 12-1846 at pgs. 5-7 (Schwab, J.) (same).  Appellant neither sought nor was granted an extension of time to file an appeal under Rule 8002(c), and, for the reasons stated in Civil Action Nos. 12-1739 and 12-1846, the analyses of which are incorporated by reference herein, the Court lacks jurisdiction to hear this appeal.

Furthermore, as three times previously explained by this Court, the filing of this appeal is contrary to the settlement agreement executed between the parties.  As explained by Judge Cercone in Civil Action Nos. 12-752 and 12-753, the Bankruptcy Court held an evidentiary hearing regarding Appellant's claim that she did not sign the settlement agreement.  *See* Doc. 19 in Civil Action Nos. 12-752 and 12-753 at pg. 3 (Cercone, J.).  The Bankruptcy Court found that Appellant's assertions were not credible, and that her objections otherwise were without merit.  *Id.*  This issue was fully litigated before the Bankruptcy Court, and Appellant did not timely appeal the Bankruptcy Court's factual findings.  *See id.*  Appellant is bound by the terms of the settlement agreement, and Appellee's Motion to Dismiss will be granted.  *See id.* (holding same); *see also* Doc. 11 in Civil Action No. 12-1846 at 7 n.4 (same).       For all of the reasons stated above, Appellee's Motion to Dismiss (**Doc. 2**) is **GRANTED**, and this case will be marked closed.

IT IS SO ORDERED.


April 12, 2013                                                         s\Cathy Bissoon
                                                                       Cathy Bissoon
                                                                       United States District Judge

cc (via First-Class U.S. Mail):

Carole L. Taylor
1112 N. Negley Avenue
Pittsburgh, PA  15206

cc (via ECF email notification):

All Counsel of Record